UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| SAMMY DIXISON, #189147,       )<br>                    Petitioner,   )<br>                                )<br>-v-                             )<br>                                )<br>MITCH PERRY,                    )<br>                    Respondent. )<br>                                ) | No. 2:14-cv-189<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION AND DENYING § 2254 PETITION

Sammy Dixison, a prisoner under the control of the Michigan Department of Corrections, filed a petition for habeas relief under 28 U.S.C. § 2254. After the State filed its response, the magistrate judge issued a report recommending the petition be denied.[1] (ECF No. 22.) Dixison filed objections. (ECF No. 23.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are

---

[1] The magistrate judge initially recommended the petition be dismissed as time barred. (ECF No. 5.) Dixison filed objections. (ECF No. 6.) Judge R. Allan Edgar rejected the initial R&R, and ordered the Government to file a response to the petition. (ECF No. 14.) Judge Edgar concluded that Dixison's reliance on a DNA report produced by the State after Dixison's conviction was sufficient to excuse the procedural bar of the statute of limitations under the miscarriage-of-justice exception. Although the magistrate judge again recommends finding the petition is time barred, this Court will follow Judge Edgar's decision and will consider the petition on its merits.

entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court has reviewed the record, the R&R and Dixison's objections. Generally, Dixison raises five claims, each of which are addressed in the R&R. Dixison objects to the manner in which the magistrate judge resolves each of the five claims.

Before resolving the specific objections, some background must be provided. Dixison was accused of sexually assaulting a minor at a hotel. A group of people were using two hotel rooms to have a party, room 202 and room 307. Ultimately, two men were convicted, in separate trials, of sexually assaulting the victim, Dixison and another man. At Dixison's trial the prosecutor advanced the theory that Dixison raped the

2

victim in room 202. Dixison's defense, as advance in closing arguments, was that another man raped the victim in room 307.

Evidence was introduced at trial establishing that the minor victim was drunk to the point of unconsciousness. Video from outside the rooms established that Dixison was alone with the victim in room 202 for a little over one minute. (ECF No. 19-9 Tr. Trans. 549 PageID.1034.) At trial, a letter Dixison wrote to the victim's mother was introduced into evidence. In the letter, Dixison admitted that he had sex with the victim. (*Id.* 346 PageID.830.) One witness testified that he entered room 202 and saw the victim lying on the bed, she was not wearing pants, and Dixison was buttoning up his pants. (*Id.* 369 PageID.853.) A second witness testified that she entered room 202 and saw the victim lying on the bed, naked from the waist down, and Dixison was standing over her and he had his pants down around his ankles. (*Id.* 482 PageID.967.) Finally, two officers testified that Dixison admitted to having sex with a minor. (*Id.*498-99 PageID.982-83; 527 PageID.1011.) A third officer testified that Dixison admitted to having sex with the victim and that the incident occurred in room 202. (ECF No. 19-10 579 PageID.1113.)

At this point, the problem with Dixison's defense at trial, and his arguments here, becomes apparent. That the victim might have been raped in room 307 by another man does not preclude the possibility, even the likelihood, that she was also raped by Dixison in room 202.

Objection 1.  Prosecutorial Misconduct.

Dixison alleges prosecutorial misconduct.  For his objection, Dixison explains his claim for prosecutorial misconduct, identifying what he asserts are factual errors in the R&R.  Generally, Dixison reasons that the prosecution intentionally misled the jury by arguing that the assault occurred in room 202, while ignoring or covering up the evidence that supports the conclusion that an assault occurred in room 307.  Dixison also argues the prosecutor withheld evidence.

Dixison's objection is OVERRULED.  The magistrate judge accurately summarized the prosecutor's theory, how the prosecutor argued that theory, and why no misconduct amounting to a constitutional violation occurred.  The magistrate judge also identified in the record where the evidence was discussed, establishing that it was not withheld.  This Court cannot add anything to what the magistrate judge has already quoted from the record.  Dixison's summary of the prosecutor's arguments and his characterization of Detective Ellis's testimony are unsupported by the record.

Objection 2. DNA Test

Dixison argues that he has newly-discovered evidence that establishes his actual innocence.  There were two DNA tests.  Dixison argues that the tests establish his innocence.  For his objection, Dixison argues that the magistrate judge erroneously concluded that the DNA test or tests were provided to him on the last day of his trial.

Dixison's objection is OVERRULED.  On the last day of trial, the forensic scientist who drafted the report testified for the defense and discussed the very report

Dixison claims was withheld until two days after his trial. (ECF No. 19-11 Tr. Trans. 627-33 PageID.1161-67.) The document Dixison refers to in his objection, Exhibit 4 pages 16 and 17 (ECF No. 23-3 PageID.1886-87), is not a DNA report; it is a criminal investigation report that references the DNA document which was discussed on the last day of Dixison's trial. The DNA report discussed at the trial is Dixison's Exhibit 5 to his objection. (ECF No. 23-5 PageID.1888-89.) The "new" DNA report is attached to Dixison's objection as Exhibit 6. (ECF No. 23-7 PageID.1890-91.)

This "new" DNA report does not support Dixison's claim for actual innocence. The new report was completed in 2010, after Dixison was convicted, and was not available at his trial. But, the report summarized the results of DNA tests performed on swabs of items found in room 307, not room 202. (*See* ECF No. 23-5 PageID.1872-73.) That Dixison might be cleared of having any DNA on items in room 307 does not exonerate him from the assault that occurred in room 202, the assault for which he was convicted. In addition, during his trial, Dixison was aware of the evidence found in room 307, which included a used condom.

## Objection 3. Wrong Report

Dixison argues that the magistrate judge identified the wrong report that was presented at the last day of his trial. Dixison insists that the only report discussed at the final day of his trial was a report in which a police officer reviewed video surveillance.

Dixison's objection is OVERRULED. The transcript from the last day of his trial establishes that the magistrate judge correctly identified the report that was presented and discussed at Dixison's trial. Only one witness testified for the defense on the last day of trial, the forensic scientist who drafted the laboratory report dated October 16, 2008.

Objection 4. *Brady* Violation and Ineffective Assistance of Appellate Counsel

For his fourth claim, Dixison's objection consists of incorporating the arguments advanced in his brief in support. The pages of his supporting brief to which Dixison refers only perfunctorily raise an ineffective assistance of appellate counsel claim. And Dixison does not address any specific conclusion of fact or statement of law in the R&R. The magistrate judge explained why Dixison could not establish the underlying merits of a *Brady* claim and further explained why appellate counsel appropriately winnowed the claims raised. The Court agrees with the sound reasoning in the R&R. The objection is OVERRULED.

Objection 5. Michigan Court of Appeals Use of Stock Phrase

Dixison's last claim arises because the Michigan Court of Appeals denied him leave to appeal the denial of his 6.500 motion. Dixison argues that the manner in which leave to appeal was resolved effectively denied him the ability to have a court rule on the merits of his actual innocence claim.

Dixison's objection is OVERRULED. Dixison does not address the magistrate judge's proposed ruling, that this claim ultimately turns on a question of state law and

is not a constitutional claim cognizable in a federal habeas petition. The cases cited by Dixison involve denials of late appeals of right, *e.g., Dorn v. Lafler*, 601 F.3d 439 (6th Cir. 2010), rather than denials of discretionary appeals from 6.500 motions. *See Peterson v. Klee*, --F.App'x--, 2016 WL 3613390, at *3-*4 (6th Cir. July 16, 2016). This claim is largely moot as this Court has addressed the merits of Dixison's actual innocence claim.

For these reasons, the Report and Recommendation (ECF No. 22) is **ADOPTED IN PART** and Dixison's petition for habeas relief is **DENIED.** The only portion of the R&R not adopted is the recommendation that the petition be dismissed as time barred.

The Court has reviewed the petition for the purpose of issuing a certificate of appealability. The Court notes the magistrate judge recommended denying a certificate of appealability, a recommendation to which Dixison did not object. The Court finds that reasonable jurists would not disagree with the manner in which this Court has resolved Dixison's claims. Therefore, a Certificate of Appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: August 23, 2016                                        /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge